United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TERESA TRINH, | CASE NO. 5:12-cv-03902 EJD |
| Plaintiff(s), | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE** |
| v. | |
| CITIBANK, NA, et. al., | |
| Defendant(s). | [Docket Item No(s). 5, 7, 17] |

In this action challenging a completed foreclosure proceeding, Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and Bank of America, N.A. (collectively, "Defendants")[1] presently move the court for order dismissing the Complaint filed by Plaintiff Teresa Trinh ("Plaintiff"). See Docket Item No. 5. Defendants have also filed a companion Motion to Strike. See Docket Item No. 7. Plaintiff filed timely written opposition to the Motion to Strike, but failed to do so for the Motion to Dismiss.[2]

Although the Complaint does not contain allegations supporting jurisdiction in this court, it

---

[1] The court is unable to locate a proof of service for the third defendant, Citibank, NA ("Citibank"). Since 120 days have elapsed since this action was filed, Plaintiff is notified that the court will dismiss Citibank pursuant to Federal Rule of Civil Procedure 4(m) if Citibank is not served prior to the filing of a First Amended Complaint.

[2] Defendants' Motion to Strike Plaintiff's untimely opposition to the Motion to Dismiss is GRANTED. See Docket Item No. 17.

1
CASE NO. 5:12-cv-03902 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE

appears that federal jurisdiction arises pursuant to 28 U.S.C. §§ 1331 and 1367.[3] Having carefully reviewed these matters, the court has determined Defendants' Motion to Dismiss should be granted and the Motion to Strike denied as moot for the reasons stated below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On or about July 27, 2007, Orlando Canton ("Canton") and Plaintiff, as husband and wife, executed a Note and Deed of Trust for $583,443.00 in favor of Countrywide KB Home Loans in order to purchase real property located in San Jose, California. See Defs.' Req. for Judicial Notice ("RJN"), Docket Item No. 6, at Ex. 1.[4] ReconTrust Company, N.A. ("ReconTrust") was named as the trustee. Id. MERS was designated as the nominee of the lender and the beneficiary. Id.

After presumably paying on the Note for nearly four years, Plaintiff defaulted on the loan payments due pursuant to the Deed of Trust and ReconTrust recorded a Notice of Default on December 1, 2011, indicating that Plaintiff owed $113,173.23 as of November 29, 2011. Id. at Ex. 2. A Notice of Trustee's Sale was recorded on March 2, 2012, and the property was sold at a foreclosure sale on May 29, 2012. Id. at Exs. 3, 4.

Plaintiff initiated this case on July 25, 2012. These motions followed.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a

---

[3] Plaintiff must include jurisdictional allegations in any amended complaint. Fed. R. Civ. Proc. 8(a)(1) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction.").

[4] Defendants' RJN is GRANTED in its entirety. Fed. R. Evid. 201(b)(2); Hite v. Wachovia Mortg., No. 2:09-cv-02884-GEB-GGH, 2010 U.S. Dist. LEXIS 57732, at *6-9 (E.D. Cal. June 10, 2010); Gens v. Wachovia Mortg. Corp., No. CV10-01073 JF (HRL), 2010 U.S. Dist. LEXIS 54932, at *6-7, 2010 WL 1924777 (N.D. Cal. May 12, 2010).

CASE NO. 5:12-cv-03902 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE

Case 5:12-cv-03902-PSG  Document 20  Filed 12/17/12  Page 2 of 12

United States District Court
For the Northern District of California

1  cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir.
2  2008). The factual allegations "must be enough to raise a right to relief above the speculative level"
3  such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57.

4  When deciding whether to grant a motion to dismiss, the court generally "may not consider
5  any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d
6  1542, 1555 n. 19 (9th Cir. 1990). The court must generally accept as true all "well-pleaded factual
7  allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court must also construe the alleged
8  facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th
9  Cir. 1988). However, the court may consider material submitted as part of the complaint or relied
10 upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of
11 Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001). "[Material which is properly submitted as part
12 of the complaint may be considered." Twombly, 550 U.S. at 555. But "courts are not bound to
13 accept as true a legal conclusion couched as a factual allegation." Id.

### III.   DISCUSSION

#### A.   Failure to Join Party

16 Defendants first argue that the Complaint must be dismissed because Orlando Canton is a
17 necessary party. The court agrees.

18 A question of joinder requires the court to undertake "three successive inquiries" pursuant to
19 Federal Rule of Civil Procedure 19. EEOC v. Peabody W. Coal Co., 400 F.3d 774, 779 (9th Cir.
20 2005). "First, the court must determine whether a nonparty should be joined under Rule 19(a)." Id.
21 If this question is answered in the affirmative, "the second stage is for the court to determine
22 whether it is feasible to order that the absentee be joined." Id. If joinder is not feasible, the third
23 step requires the court to determine "whether the case can proceed without the absentee, or whether
24 the absentee is an 'indispensable party' such that the action must be dismissed." Id.

25 As to the first step, Rule 19(a) requires a party to be joined if "in that person's absence, the
26 court cannot accord complete relief among existing parties;" or "that person claims an interest
27 relating to the subject of the action" such that his or her absence would "impair or impede the

3
CASE NO. 5:12-cv-03902 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE

person's ability to protect the interest;" or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Here, the Deed of Trust reveals that Plaintiff and Canton are both listed as borrowers. See RJN, at Ex. 1. As such, Plaintiff's interest in the property as well as the claims asserted in this action are parallel to that of Canton. But since Plaintiff seeks a "declaration that the title to the Subject Property is vested in Plaintiff alone," Canton's absence from this action would necessarily impair his ability to protect his interest. See Compl., at ¶ 125. Moreover, Defendants would be at risk of multiple and potentially inconsistent obligations without Canton's participation. The court therefore concludes that Canton is a "required" party under Rule 19(a).

The court now considers whether Canton's joinder is feasible. "Rule 19(a) sets forth three circumstances in which joinder is not feasible: when venue is improper, when the absentee is not subject to personal jurisdiction, and when joinder would destroy subject matter jurisdiction." Peabody, 400 F.3d at 779. In this case, neither Plaintiff nor Defendants argue that Canton's joinder is not feasible for any of the reasons articulated in Rule 19. Moreover, since all of Plaintiff's claims will be dismissed, some with leave to amend, Plaintiff will have the opportunity to join Canton as a party in an amended complaint.

### B. Plaintiff has not Articulated a Cognizable Legal Theory

Although the failure to join Canton as a party is sufficient to grant Defendants' dismissal motion, the court nonetheless addresses additional deficiencies in Plaintiff's Complaint in order to guide Plaintiff further. As an initial matter, it appears most, if not all, of Plaintiff's causes of action are based on legal theories that have been repeatedly rejected by the district courts.

#### 1. Improper Securitization

First, Plaintiff contends that the securitized Trust which purports to own her mortgage "is not the owner of the mortgage and lacks standing to foreclose" because "the Note and Deed of Trust were not assigned to the trust until October 15, 2009 and then again on August 22, 2011, well past the August 31, 2007 Closing Date." See Compl., at ¶¶ 26, 29. Plaintiff alleges that this violation of the Pooling and Servicing Agreement ("PSA") which governs the trust precluded the Trust from

4
CASE NO. 5:12-cv-03902 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE

obtaining an interest in her mortgage.

This theory of liability fails to support a plausible claim because Plaintiff lacks standing to assert a breach of the PSA. Indeed, Plaintiff is neither a direct party to nor a third-party beneficiary of that agreement. See Murphy v. Allstate Ins. Co., 17 Cal. 3d 937, 944 (1976) ("A third party should not be permitted to enforce covenants made not for his benefit, but rather for others. He is not a contracting party; his right to performance is predicated on the contracting parties' intent to benefit him. . . . As to any provision made not for his benefit but for the benefit of the contracting parties or for other third parties, he becomes an intermeddler." (internal citations omitted)).

Accordingly, this court concludes - as it and many other courts have previously - that Plaintiff cannot plead plausible causes of action based on a violation of the PSA due to lack of standing. See, e.g., Hale v. World Sav. Bank, No. CIV 2:12-cv-1462-GEB-JFM (PS), 2012 U.S. Dist. LEXIS 141917, at *17-18, 2012 WL 4675561 (E.D. Cal. Oct. 1, 2012) ("[T]o the extent plaintiffs base their claims on the theory that defendants allegedly failed to comply with the terms of the PSA, the court notes that they lack standing to do so because they are neither a party to, nor a third party beneficiary of, that agreement."); Junger v. Bank of America, No. CV 11-10419 CAS (VBKx), 2012 U.S. Dist. LEXIS 23917, at *7, 2012 WL 603262 (C.D. Cal. Feb. 24, 2012) ("The Court finds that plaintiff lacks standing to challenge the process by which his mortgage was (or was not) securitized because he is not a party to the PSA."); Tilley v. Ampro Mortg., No. S-11-1134 KJM CKD, 2012 U.S. Dist. LEXIS 1935, at *11, 2012 WL 33033 (E.D. Cal. Jan. 6, 2012); Bascos v. Fed. Home Loan Mortg. Corp., No. CV 11-3968-JFW (JCx), 2011 U.S. Dist. LEXIS 86248, at *18-19, 2011 WL 3157063 (C.D. Cal. July 22, 2011) ("To the extent Plaintiff challenges the securitization of his loan because Freddie Mac failed to comply with the terms of its securitization agreement, Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor of the loan trust."); Deerinck v. Heritage Plaza Mortg. Inc., No. 2:11-cv-01735-MCE-EFB, 2012 U.S. Dist. LEXIS 45728, at *14-16, 2012 WL 1085520 (E.D. Cal. Mar. 30, 2012); Bernardi v. JPMorgan Chase Bank, N.A., No. 5:11-cv-04212 EJD, 2012 U.S. Dist. LEXIS 85666, at *5-8, 2012 WL 2343679 (N.D. Cal. June 20, 2012); Armstrong v. Chevy Chase

Bank, FSB, No. 5:11-cv-05664 EJD, 2012 U.S. Dist. LEXIS 144125, at *4-7, 2012 WL 4747165 (N.D. Cal. Oct. 3, 2012); Morgan v. US Bank Nat'l Ass'n, No. C 12-03827 CRB, 2012 U.S. Dist. LEXIS 174010, at *6-7, 2012 WL 6096590 (N.D. Cal. Dec. 7, 2012).

### 2. Holder in Due Course

Second, Plaintiff bases causes of action on the allegation that "none of Defendants were present holders in due course of Plaintiff's Note such that they can enforce Plaintiff's obligation and demand mortgage payments." See Compl., at ¶ 41. Plaintiff avers that "the Trust should be required to prove that they are in fact the owner of Plaintiff's mortgage note and that they had the right to foreclose." Id. at ¶ 26.

Plaintiff's allegations are a version of the "produce the note" theory of liability. But district courts in California have consistently rejected the contention that the foreclosure process is invalid if the trustee does not possess the original promissory note. See, e.g., Gamboa v. Tr. Corps, No. 09-0007 SC, 2009 U.S. Dist. LEXIS 19613, at *9-10, 2009 WL 656285 (N.D. Cal. Mar. 12, 2009); Putkkuri v. ReconTrust Co., No. 08CV1919WQH (AJB), 2009 U.S. Dist. LEXIS 32, at *5-6, 2009 WL 32567 (S.D. Cal. Jan. 5, 2009); Neal v. Juarez, No. 06CV0055 J(JMA), 2007 U.S. Dist. LEXIS 98068, at *25, 2007 WL 2140640 (S.D. Cal. July 23, 2007). As has the California Court of Appeal. See Debrunner v. Deutsche Bank Nat'l Trust Co., 204 Cal. App. 4th 433, 440 (2012) ("We likewise see nothing in the applicable statutes that precludes foreclosure when the foreclosing party does not possess the original promissory note."). This is because California Civil Code § 2924 and its related statutes establish a comprehensive and exclusive set of regulations for the conduct of nonjudicial foreclosures, and do not require the person initiating foreclosure to have physical possession of the promissory note. "Under Civil Code section 2924, no party needs to physically possess the promissory note." Sicairos v. NDEX West, No. 08CV2014-LAB (BLM), 2009 U.S. Dist. LEXIS 11223, at *6-7, 2009 WL 385855 (S.D. Cal. Feb. 13, 2009). Instead, "[t]he trustee, mortgagee, or beneficiary, or any of their authorized agents" may commence the nonjudicial foreclosure process by recording and servicing a notice of default. Cal. Civ. Code § 2924(a)(1).

6
CASE NO. 5:12-cv-03902 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE

### 3. Absence of Substitution of Trustee

Third, Plaintiff alleges that the foreclosure sale was invalid because "Countrywide failed to file a valid Substitution of Trustee, substituting Foreclosing Trustee as the new trustee." See Compl., at ¶ 47.

This allegation ignores the facts underlying this case as established by documents subject to judicial notice. As referenced above, ReconTrust was the original trustee as well as the trustee that recorded the Notice of Default and initiated the foreclosure proceedings. See RJN, at Exs. 1-4. Under those circumstances, a Substitution of Trustee was unnecessary. This allegation is therefore baseless.[5]

### C. The Causes of Action are Deficient for Additional Reasons

In addition to being based upon flawed legal theories, Plaintiff's causes of action each fail on an individual basis.

### 1. Declaratory Relief

Plaintiff seeks a judicial declaration that "none of the named Defendants or Doe Defendants have any right or interest in Plaintiff's Note of Deed of Trust" because "Plaintiff's Note and Deed of Trust were never properly assigned to the Trust." See Compl., at ¶¶ 84, 87.

The Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201 *et. seq.*, allows the district court to "declare the rights and other legal relations of any interested party seeking such a declaration . . . ." 28 U.S.C. § 2201(a). However, such relief is limited by the express terms of the statute to cases "of actual controversy." Id. As a result, the finding that an actual controversy actually exists is an essential prerequisite for an claims under the DJA. Principal Life Ins. Co. v. Robinson, 394 F.3d

---

[5] It appears that Plaintiff's attorneys have utilized a form of complaint used in other foreclosure cases. See RJN, at Ex. 6; see also Morgan, 2012 U.S. Dist. LEXIS 174010. Since some of the factual allegations in the Complaint, such as those related to a Substitution of Trustee, are plainly inapplicable to this case, Plaintiffs' counsel are reminded of their affirmative duty pursuant to Federal Rule of Civil Procedure 11(b)(3) to ensure that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Plaintiffs attorneys are advised that, should Plaintiff choose to file an amended complaint, the use of boilerplate allegations copied from previously filed pleadings in other cases without any verification as to the applicability of those allegations to the instant action may lead to the imposition of sanctions.

665, 669 (9th Cir. 2005).

Here, as already discussed, Plaintiff's theory of liability based on violations of the PSA fails to support a plausible claim because Plaintiff lacks standing to allege a breach of that contract. Thus, this claim must be dismissed without leave to amend since the absence of standing is seemingly insurmountable and cannot be remedied by additional factual allegations. Miller v. Rykoff-Sexton, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient.").

### 2. Negligence

In alleging a cause of action for negligence, Plaintiff contends that Defendants breached their duty of care "when they directed the Foreclosing Trustee to declare a default and initiate foreclosure against Plaintiff." See Compl., at ¶ 86.

Plaintiff has not plead a plausible cause of action for negligence because she has not alleged facts that support a purported duty of care. In order to sufficiently state a claim for negligence, a plaintiff must demonstrate: (1) that the defendant owed a legal duty to the plaintiff; (2) that the defendant breached that duty; and (3) that the breach was the proximate and actual cause of the plaintiff's injury. Sohal v. Fed. Home Loan Mortg. Corp., No. 11-01941, 2011 U.S. Dist. LEXIS 97355, at *24, 2011 WL 3842195 (N.D. Cal. Aug. 30, 2011); Ladd v. Cnty. of San Mateo, 12 Cal. 4th 913 (1996). "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart Fed. Savings & Loan Assn., 231 Cal. App. 3d 1089, 1096,(1991); see also Resolution Trust Corp. v. BVS Dev., 42 F.3d 1206, 1214 (9th Cir. 1994).

In the Complaint, Plaintiff only alleges that Defendants engaged in activities which fall well within the scope of conventional money lending. That being the case, a duty of care does not arise based on these facts. This cause of action will therefore be dismissed with leave to amend so that Plaintiff can clarify the basis for any alleged duty.

8
CASE NO. 5:12-cv-03902 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE

### 3. Violation of the Truth in Lending Act ("TILA")

Plaintiff alleges a violation of TILA, 15 U.S.C. § 1641(g), when the Trustee "did not provide Plaintiff with a written notice within 30 days after the date on which they were allegedly assigned the mortgage." See Compl., at ¶ 100. She further alleges that "Trustee purports to have rights under the alleged "Assignment of Trust." Id. at 99.

This cause of action fails for two reasons. First, the facts alleged are again contrary to the information contained in the Notice of Default, Notice of Trustee's Sale, and Trustee's Deed Upon Sale, all of which indicate that ReconTrust commenced foreclosure proceedings based on the *original* Deed of Trust executed by Plaintiff in 2007. See RJN, at Exs. 2-4. Contrary to Plaintiff's allegation, ReconTrust has not asserted any rights under an assignment.

In any event, Plaintiff's allegations concerning the trustee's failure to comply with § 1641(g) are misplaced because the notice-upon-transfer requirement applies only to "creditors." 15 U.S.C. § 1641(g) ("In addition to other disclosures required by this title, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer."). Under TILA, a creditor is a person "who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement." 15 U.S.C. § 1602(f). "The Ninth Circuit has repeatedly found that a trustee is not a creditor as defined by TILA." Morgan, 2012 U.S. Dist. LEXIS 174010, at *16 (citing Hargis v. Washington Mut. Bank, No. 10-02341, 2011 U.S. Dist. LEXIS 17454, at *5-6, 2011 WL 724390 (N.D. Cal. Feb. 22, 2011)). Because this cause of action is based on ReconTrust's alleged failure to notify Plaintiff under § 1641(g), it fails as a matter of law.

The cause of action for violation of TILA will be dismissed without leave to amend because, under the circumstances, allowing for amendment would be futile.

9
CASE NO. 5:12-cv-03902 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE

**4.     Violation of the Fair Debt Collections Practices Act ("FDCPA")**

Plaintiff alleges that the trustee and servicer violated the FDCPA, 15 U.S.C. § 1692 *et. seq.*, by making false representations in collecting her mortgage loan payments. See Compl., at ¶¶ 108, 110.

In order to state a claim under the FDCPA, a plaintiff must allege facts that establish the following: (1) plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant qualifies as a "debt collector" under the FDCPA; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA. See, e.g., Frazier v. Absolute Collection Serv., 767 F. Supp. 2d 1354, 1363 (N.D. Ga. 2010); McCorriston v. L.W.T., Inc., 536 F. Supp. 2d 1268, 1278 (M.D. Fla. 2008); Fenn v. CIR, Law Offices, No. 1:10-CV-01903-OWW-SMS, 2011 U.S. Dist. LEXIS 23141, at *5, 2011 WL 850131 (E.D. Cal. Mar. 8, 2011). Here, the parties implicated by this cause of action - the trustee and the loan servicer are not "debt collectors" as that term is defined by the statute. See 15 U.S.C. § 1692a(6) (A "debt collector" under the FDCPA is either (1) "a person" the "principal purpose" of whose business is the collection of debts; or (2) "a person" who "regularly" collects debts on behalf of others.); see also Rispoli v. Bank of America, No. C11-362RAJ, 2011 U.S. Dist. LEXIS 85053, at *7, 2011 WL 3204725 (W.D. Wash. July 1, 2011) ("[A]s a matter of law a 'debt collector' under the FDCPA cannot be a consumer's creditor.").

In addition, most courts to examine this issue have concluded that foreclosure activity does not constitute "debt collection." Diessner v. Mortg. Elec. Registration Sys., Inc., 618 F. Supp. 2d 1184, 1189 (D. Ariz. 2009); see also Garcia v. Am. Home Mortg. Servicing, No. 11-CV-03678-LHK, 2011 U.S. Dist. LEXIS 142039, at *13-17, 2011 WL 6141047 (N.D. Cal. Dec. 9, 2011) ("non-judicial foreclosure does not constitute 'debt collection' as defined by the [FDCPA]"); Garfinkle v. JPMorgan Chase Bank, No. C 11-01636 CW, 2011 U.S. Dist. LEXIS 81054, at *7-10, 2011 WL 3157157 (N.D. Cal. July 26, 2011); Geist v. OneWest Bank, No. C 10-1879 SI, 2010 U.S. Dist. LEXIS 113985, at *5-8, 2010 WL 4117504 (N.D. Cal. Oct. 19, 2010); Aniel v. T.D. Serv. Co., No. C 10-03185 JSW, 2010 U.S. Dist. LEXIS 92018, at *2-4, 2010 WL

1    3154087 (N.D. Cal. Aug. 9, 2010); Landayan v. Wash. Mut. Bank, No. C-09-00916 RMW, 2009

2    U.S. Dist. LEXIS 93308, at *6-7, 2009 WL 3047238 (N.D. Cal. Sept. 18, 2009).

3         This claim will be dismissed without leave to amend since allowing for further amendment

4    would be futile.

### 5. Wrongful Foreclosure, Set Aside Trustee's Sale and Quiet Title

6         Essential to these causes of action is Plaintiff's allegation that Defendants do not have an

7    interest in the property.  However, as already explained, this allegation is directly contradicted by

8    judicially-noticeable documents which clearly show that ReconTrust, as the trustee originally named

9    in the Deed of Trust, commenced the foreclosure proceedings.  Accordingly, Plaintiff has failed to

10   state claims for wrongful foreclosure, set aside trustee's sale and quiet title.

11        Furthermore, Plaintiff did not allege an ability to tender the full amount owed on the loan,

12   which is necessary to maintain claims for wrongful foreclosure and quiet title.  See Roque v.

13   Suntrust Mortg., Inc., No. C-09-00040 RMW, 2010 U.S. Dist. LEXIS 11546, at *11, 2010 WL

14   546896 (N.D. Cal. Feb. 10, 2010) (citing Abdallah v. United Sav. Bank, 43 Cal. App. 4th 1101,

15   1109 (1996)); see also Briosos v. Wells Fargo Bank, 737 F. Supp. 2d 1018, 1032 (N.D. Cal. 2010)

16   (quoting Shimpones v. Stickney, 219 Cal. 637, 649 (1934)).  Plaintiff's belief that tender is not

17   required is unpersuasive.

18        These claims are dismissed without leave to amend as allowing for amendment under these

19   circumstances would be futile.

### IV.  ORDER

21        Based on the foregoing, Defendants' Motion to Dismiss (Docket Item No. 5) is GRANTED.

22   The negligence cause of action is DISMISSED WITH LEAVE TO AMEND.  All other causes of

23   action contained in the Complaint are DISMISSED WITHOUT LEAVE TO AMEND.

24        Any amended complaint must be filed **on or before January 4, 2013.**  Plaintiff is advised

25   that failure to file a timely amended complaint or failure to amend the complaint in a manner

26   consistent with this Order may result in the dismissal of this action without further notice.  Plaintiff

27   is further advised that she may not add new claims or parties without first obtaining Defendants'

28

11
CASE NO. 5:12-cv-03902 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE

consent or leave of court pursuant to Federal Rule of Civil Procedure 15.

Defendants' Motion to Strike (Docket Item No. 7) is DENIED AS MOOT.

Because the Complaint is presently dismissed in its entirety, the court declines to set a case management schedule at this time. However, the court will address scheduling issues as raised by the parties should it become necessary.

**IT IS SO ORDERED.**

Dated: December 17, 2012

_____
EDWARD J. DAVILA
United States District Judge

United States District Court
For the Northern District of California

12
CASE NO. 5:12-cv-03902 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE