UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TERESA TRINH,<br><br>　　　　　　Plaintiff,<br>　v.<br>CITIBANK, N.A. et al.,<br><br>　　　　　　Defendants. | Case No.: 5:12-CV-03902-PSG<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>**(Re: Docket No. 35, 53)** |

In this action challenging a completed foreclosure proceeding, Defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), Bank of America, N.A. ("BANA"), and Citibank, N.A. ("Citibank") (collectively, Defendants) move to dismiss the First Amended Complaint ("FAC") filed by Plaintiff Teresa Trinh ("Plaintiff"). After careful review, the court has determined Defendants' Motions to Dismiss should be GRANTED for the reasons stated below.

**I. BACKGROUND**

On or about July 27, 2007, Orlando Canton ("Canton") and Teresa Trinh ("Plaintiff"), a husband and wife, executed a Note and Deed of Trust for $583,433.00 in favor of Countrywide KB Home Loans to purchase real property located in San Jose, California (the "Property").[1]

---

[1] *See* Request for Judicial Notice ("RJN"), Docket No. 6 at 8.

ReconTrust Company, N.A. ("ReconTrust") was named as the trustee[2] and MERS was designated as the nominee of the lender and the beneficiary.[3]

After presumably paying on the note for nearly four years, Plaintiff defaulted on the loan payments due under the Deed of Trust. On December 1, 2011, ReconTrust recorded a Notice of Default indicating that, as of November 29, 2011, Plaintiff owed $113,173.23.[4] On March 2, 2012, a Notice of Trustee's Sale was recorded and the property was sold to Citibank at a foreclosure sale held on May 29, 2012.[5]

On July 25, 2012, Plaintiff filed suit alleging negligence, violation of the Helping Families Save Their Homes Act of 2009, violation of the Fair Debt Collection Practices Act, and wrongful foreclosure, and sought declaratory relief and quiet title. The case was originally assigned to Judge Davila. On December 17, 2012, the court dismissed the negligence cause of action with leave to amend, and dismissed all other causes of action with prejudice.[6] The court also found Canton to be a "required party" under Federal Rule of Civil Procedure 19, and directed Plaintiff to join him as a party in any amended complaint.[7] On January 4, 2013, Plaintiff filed an amended complaint.[8] Defendants each filed nearly identical motions to dismiss the FAC.[9] The case was then reassigned to the undersigned.[10]

---

[2] *See id.* at 9.

[3] *See id.*

[4] *See id.* at 34.

[5] *See id.* at 39, 42.

[6] *See* Docket No. 20 at 11.

[7] *See id.* at 4, 11-12.

[8] *See* Docket No. 21.

[9] *See* Docket Nos. 35, 53.

[10] *See* Docket No. 51.

2
CASE NO.: 5:12-CV-03902-PSG
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead a claim with sufficient specificity to "give a defendant fair notice of what . . . the claim is and the grounds upon which it rests."[11] A complaint which falls short of this standard may be dismissed if it fails to state a claim upon which relief can be granted.[12] "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."[13] Any factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face."[14]

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings."[15] The court must generally accept as true all "well-pleaded factual allegations,"[16] and must construe the alleged facts in the light most favorable to the plaintiff.[17] However, "courts are not bound to accept as true legal conclusion couched as factual allegation."[18]

Leave to amend may be granted freely when justice so requires.[19] But a motion for leave to amend may be denied if it would be futile or legally insufficient.[20] A proposed amendment is futile

---

[11] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).

[12] *See* Fed. R. Civ. P. 12(b)(6).

[13] *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

[14] *Twombly*, 550 U.S. at 556-557.

[15] *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

[16] *Ashcroft v. Iqbal*, 566 U.S. 662, 664 (2009).

[17] *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1988)

[18] *Twombly*, 550 U.S. at 555.

[19] Fed R. Civ. P. 15(a).

[20] *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.[21]

### III. DISCUSSION

#### A. Plaintiff Has Failed to Join a Required Party

In the December 17, 2012 order granting Defendants' motion to dismiss, the court found Canton to be a "required party" and ordered Plaintiff to join him as a party in any amended complaint.[22] A person is a "necessary" party to a proceeding if "in that person's absence, the court cannot accord complete relief among existing parties"; or that person holds an interest relating to the action such that their absence would either "impair or impede the person's ability to protect that interest"; or that person's absence would "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."[23] Here, the Deed of Trust lists both Plaintiff and Canton as borrowers,[24] and "in an action to set aside a lease or contract, all parties who may be affected by the determination are indispensable."[25] Moreover, Defendants would remain at risk for multiple and potentially inconsistent obligations without Canton's participation.[26] The court has already determined that Canton is a necessary party to this action,[27] and Plaintiff alleges no new facts justifying a departure from that finding.

---

[21] *See id.*

[22] *See* Docket No. 20 at 4, 11-12.

[23] Fed. R. Civ. P. 19(a).

[24] *See* Docket No. 6 at 8.

[25] *Lomayaktewa v. Hathaway*, 520 F.2d 1324, 1325 (9th Cir. 1975).

[26] *See In re Dinkins*, 79 B.R. 253, 257-258 (E.D. Pa. 1987).

[27] *See* Docket No. 20 at 3-4.

4
CASE NO.: 5:12-CV-03902-PSG
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

On March 19, 2013, Plaintiff did file a separate request to join Canton as an additional plaintiff in this action after Defendants filed their motions to dismiss.[28] However, the court explicitly required Plaintiff to join Canton in her amended complaint to be filed no later than January 4, 2013, or else Plaintiff's claims would be dismissed.[29] Plaintiff provides no reason for waiting more than two months to join Canton after the court explicitly directed her to do so without delay.

**B. Plaintiff Has Not Articulated a Cognizable Theory of Negligence**

Although Plaintiff's failure to timely join Canton as a party in violation of court order might be sufficient reason to grant Defendants' motions, in the interest of completeness the court nonetheless addresses additional deficiencies in Plaintiff's FAC. Plaintiff was given leave to amend only her negligence claim to allege a legitimate basis for finding Defendants owed her a duty of care.[30] However, Plaintiff has again failed to allege appropriate facts to correct that deficiency.

To state a claim of negligence, plaintiffs must demonstrate: (1) that defendant owed a legal duty to the plaintiff; (2) that the defendant breached that duty; and (3) that the breach was the proximate and actual cause of the plaintiff's injury.[31] "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does

---

[28] *See* Docket No. 43.

[29] *See* Docket No. 20 at 3-4, 11. *See also Williams v. County of Ventura*, Case No. CV 07-7655-AHM (MLG), 2009 WL 4110113, at *13 (C.D. Cal. Nov. 24, 2009) (ignoring the court's amended complaint instructions "weighs against Plaintiff").

[30] *See* Docket No. 20 at 11 ("The negligence cause of action is DISMISSED WITH LEAVE TO AMEND. All other causes of action in the Complaint are DISMISSED WITHOUT LEAVE TO AMEND").

[31] *See Sohal v. Fed. Home Loan Mortg. Corp.*, Case No. 11-01941, 2011 U.S. Dist. LEXIS 97355, at *24, 2011 WL 3842195 (N.D. Cal. Aug. 30, 2011).

5
CASE NO.: 5:12-CV-03902-PSG
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

not exceed the scope of its conventional role as a mere lender of money."[32]  Nor do lenders have an obligation to offer borrowers a loan modification,[33] to approve any such modifications offered,[34] or to complete any such modification prior to foreclosure.[35]  In the FAC, Plaintiff again only alleges that Defendant engaged in conduct that falls well within the scope of conventional money lending and cannot establish a duty of care on these facts.

   Moreover, even if Plaintiff could establish a duty of care, Plaintiff cannot prove that Defendant breached that duty, or that their conduct was the proximate and actual cause of her harm.  First, Plaintiff does not allege that her application was mishandled, or that the denial of her application was negligently unreasonable.  Plaintiff merely believes that her loan modification and short sale applications should have been approved.  But disagreement with a bank's lending policy is no basis for negligence.[36]  Second, Plaintiff admits she was in default on her loan; Defendants had the right to foreclose on the property at any point after she defaulted.[37]  Plaintiff does not contend that Defendants promised to modify her loan and that she relied upon any such promise.  As such, it was the default alone that caused the foreclosure and the injury, not Defendants' denial

---

[32] *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (1991).

[33] *See Carpenter v. Bank of America, N.A.*, Case No. 12cv0973 (BLM), 2013 WL 28772 at *2-3 (S.D. Cal. Jan 2, 2013).

[34] *See Clemens v. J.P. Morgan Chase Nat. Corporate Services, Inc.*, Case No. C-09-3365 EMC, 2009 WL 4507742, at *8 (N.D. Cal. Dec. 1, 2009).

[35] *See DeLeon v. Wells Fargo Bank, N.A.*, Case No. 10-CV-01390-LHK, 2010 WL 4285006, at *4 (N.D. Cal. Oct. 22, 2010).

[36] *See Carpenter*, 2013 WL 28772 at *3.

[37] *See Solomon v. Aurora Loan Services LLC*, Case No. CIV 2:12-209 WBS KJN, 2012 WL 2577559, at *5 (E.D. Cal. July 3, 2012)

6
CASE NO.: 5:12-CV-03902-PSG
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

of a home loan modification.[38]  Because Plaintiff can salvage neither of these positions by alleging new facts, this claim is dismissed without leave to amend.[39]

### IV. CONCLUSION

For the aforementioned reasons, Defendants' Motion to Dismiss is GRANTED.

IT IS SO ORDERED.

Dated:  June 28, 2013

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　PAUL S. GREWAL
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[38] *See id.*; *DeLeon v. Wells Fargo Bank, N.A.*, Case No. 10-CV-01390-LHK, 2011 WL 311376, at *7 (N.D. Cal. Jan. 28, 2011).

[39] *See Miller*, 845 F.2d at 214.

7
CASE NO.: 5:12-CV-03902-PSG
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS